UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.                                              No. 02-4508

REMEDIO ESTRADA-HERNANDEZ,
              *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-01-245)

Submitted: December 3, 2002

Decided: December 23, 2002

Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Frances P. Turner, SMITH MOORE, L.L.P., Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Remedio Estrada-Hernandez appeals his conviction and sentence for one count of conspiracy to distribute in excess of five kilograms of cocaine hydrochloride in violation of 21 U.S.C. §§ 841, 846 (2000). On appeal, Estrada-Hernandez contends the district court abused its discretion by permitting a witness to testify as to a statement made by Estrada-Hernandez threatening a witness. Estrada-Hernandez claims the statement was not relevant and it was unfairly prejudicial. Estrada-Hernandez also contends a prior felony drug conviction used to increase the statutory minimum sentence under § 841(b)(1)(A) should have been in the indictment and proven beyond a reasonable doubt. Finding no reversible error, we affirm.

A district court has broad discretion in ruling on the relevance and admissibility of evidence, which will not be reversed absent an abuse of that discretion. *United States v. Bostian*, 59 F.3d 474, 480 (4th Cir. 1995). Evidence is relevant and may be admitted if it tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence that is not relevant is not admissible. *See* Fed. R. Evid. 402. Evidence that a defendant made threats against a witness is relevant of consciousness of guilt. *United States v. Van Metre*, 150 F.3d 339, 352 (4th Cir. 1999). We find the court did not abuse its discretion by denying the motion in limine and permitting testimony about a statement made by Estrada-Hernandez.

We further find the prior felony drug conviction used to increase the statutory minimum sentence under § 841(b)(1)(A) did not need to be in the indictment or proven beyond a reasonable doubt. *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998); *United States v. Sterling*, 283 F.3d 216, 219-20 (4th Cir.), *cert. denied*, 122 S. Ct. 2606 (2002).*

---

*Estrada-Hernandez' challenges to the drug quantity used to arrive at his offense level and the prior misdemeanor conviction used to arrive at his criminal history category are moot because regardless of the resolution of those issues, Estrada-Hernandez would be subjected to the statutory minimum sentence of twenty years' imprisonment.

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*